UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.: 1:26-cv-00330-KAS

LINDSEY DEHART, individually and on
behalf of all others similarly situated,

Plaintiff,

v.

DILLION COMPANIES, LLC, *et al*.,

Defendants.


Civil Action No.: 1:26-cv-00542-SKC-KAS

LAIRD DAKOS, individually and on
behalf of all others similarly situated,

Plaintiff,

v.

HF SINCLAIR REFINING & MARKETING, LLC, *et al*.,

Defendants.


Civil Action No.: 1:26-cv-00543-GPG-NRN

KOUSUM AITWAL, *et al*.,

Plaintiffs,

v.

HF SINCLAIR REFINING & MARKETING, LLC, *et al*.,

Defendants.

## *AITWAL* PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD CLASS COUNSEL

Plaintiffs Kousum Aitwal, Sean Berry, Dorita Chronister, Rachel Collingwood, Ashley Cooper, Ashley Danielson, Ryan Dishnow, Dylan Fernandez, Felimon Flores Azanza, Kaela Foltz, Gilbert Garcia, Constantina Garcia, Susana Gonzalez, Casidy Ludwig, Ryan Mahon, Jake Neel, Joseph Nitura, Chiemela Nnaji, Margaret Roughton, Mark Steinbeck, Scott Thomas, and Judy Zotto (collectively, the "*Aitwal* Plaintiffs"), hereby respectfully move this Court pursuant to D.C.COLO.LCivR 42.1[1] and Rule 42(a) of the Federal Rules of Civil Procedure to enter an order: (1) consolidating the three above-captioned cases (the "Related Actions"); and (2) appointing Franklin D. Azar of Franklin D. Azar and Associates, P.C. ("FDAzar"), and Meghan W. Martinez of Martinez Law Group, P.C. ("MLGPC"), as Interim Co-Lead Class Counsel for the Related Actions pursuant to Fed. R. Civ. P. 23(g).

## I. INTRODUCTION AND PROCEDURAL BACKGROUND REGARDING THE FILING OF THE *AITWAL* CLASS ACTION AND THE RELATED CASES.

The *Aitwal* Class Action was filed on January 14, 2026, and arises from Defendant Sinclair's delivery of gasoline labeled as regular unleaded which was contaminated by and/or interchanged with diesel fuel to the Gas Station Defendants[2]; gas which they sold to hundreds of Colorado drivers on January 7 and 8, 2026. Plaintiffs further allege that as a result of the purchase of the contaminated fuel, Plaintiffs, individually, and on behalf of all similarly situated

---

[1] "A motion to consolidate shall be filed in the lowest numbered case included in the proposed consolidation and shall be decided by the district judge to whom the lowest numbered case is assigned."

[2] The Gas Station Defendants named in Plaintiffs' First Amended Class Action Complaint ("Plaintiffs' FAC") include Circle K Stores Inc. – Rocky Mountain Division; Costco Wholesale Corporation; Dillon Companies, LLC d/b/a King Soopers/City Market/King Soopers Fuel Centers; K & D Enterprise Inc. n/k/a NS Properties LLC; Major LLC d/b/a West Evans Conoco/West Evans Sinclair; Murphy Oil USA Inc. d/b/a Murphy Express; S&S Fuels Management LLC; Safeway Stores 45 Inc.; Taghavi Inc.; and Twin Star Energy LLC.

persons comprising the putative class (the "Class"), suffered significant engine damage to their respective vehicles. Plaintiffs, individually, and on behalf of the Class, allege claims for violation of C.R.S. § 6-1-113 of the Colorado Consumer Protection Act ("CCPA"), negligence, strict liability for product defect, and breach of the warranty of merchantability. Plaintiffs seek damages and declaratory and injunctive relief to prevent future violations of the CCPA.

On January 20, 2026, almost one week after the filing of the *Aitwal* Class Action, the first related case styled *Dakos v. HF Sinclair Refining & Marketing, LLC and S & S Fuels, LLC* ("*Dakos* Lawsuit"), was filed in the District Court, County of Larimer, and on February 11, 2026, was removed by Defendant Sinclair in that case to this Court. Like this Class Action, the *Dakos* Lawsuit is a putative class action brought on behalf of Colorado residents against Sinclair and S & S Fuels, LLC, two of the defendants named in the *Aitwal* Class Action, alleging claims for breach of implied warranty of merchantability under the Uniform Commercial Code ("UCC"), strict liability for product defect under Restatement (Second) of Torts § 402A, and common law negligence, based on the sale of the contaminated gasoline.

On January 27, 2026, almost two weeks after the filing of the *Aitwal* Class Action, the second related action styled *DeHart et al. v. Dillon Companies, LLC (d/b/a King Soopers Fuel Center, King Soopers, Inc., King Soopers, and City Market), and HF Sinclair Corporation,* Case No. 1:26-cv-00330-KAS (D. Colo.) ("*DeHart* Lawsuit") was filed in this Court. The *DeHart* lawsuit, like the *Aitwal* Class Action and the *Dakos* Lawsuit, is a putative class action brought on behalf of Colorado residents against Sinclair[3] and King Soopers, two of the Defendants named in the *Aitwal* Class Action and one of the defendants, *viz.*, Sinclair, named in the *Dakos* Lawsuit,

---

[3] The Sinclair Defendant named in the *DeHart* Lawsuit is HF Sinclair Corporation, which is HF Sinclair Refining & Marketing, LLC's indirect parent corporation and a common defendant in the *Aitwal* Class Action case.

2

alleging breach of warranty, strict liability and negligence claims based on their sale of the contaminated gasoline.

Consolidation should be granted as (a) the Related Cases involve common parties and similar issues of fact and law alleging overlapping cause of action related to the same manufacture, delivery and sale of contaminated gasoline to Colorado residents;[4] (b) the putative class representatives in each of the Related Cases seek to represent similar class of persons who purchased the contaminated gasoline and suffered significant engine damage to their respective vehicles; (c) Plaintiffs and the proposed Class were similarly impacted and damaged by the contaminated gasoline; and (d) the Related Actions arise out of similar circumstances, thus making consolidation under Fed. R. Civ. P. 42(a) appropriate.

This Court should appoint of Franklin D. Azar of FDAzar, and Meghan W. Martinez of MLGPC, Plaintiffs' counsel in the *Aitwal* Class Action, as Interim Co-Lead Class Counsel because, as set forth in more detail below, Mr. Azar, along with the members of his class action practice group in his law firm FDAzar, and Ms. Martinez and her firm MLGPC, bring together a diverse team of skilled attorneys with a wealth of experience litigating complex litigation and class actions, including those involving violations of the CCPA, negligence, breach of contract and strict liability. Mr. Azar and his law firm have the resources necessary to efficiently prosecute this case on behalf of the proposed Class. As shown herein, Mr. Azar has already demonstrated his commitment to dedicating the necessary capital and manpower, including attorneys, paralegals and case analysts, to prosecuting this action. The Court's appointment of Mr. Azar and Ms. Martinez as Interim Co-Lead Class Counsel at this stage of the litigation is warranted here to promote the fair and efficient resolution of this controversy.

---

[4] On February 11, 2026, Defendant Sinclair filed its Notice of Related Cases, identifying the *Aitwal* Class Action and the *Dakos* Lawsuit as related cases under Local Civil Rule 3.2.

3

## II.     THE COURT SHOULD CONSOLIDATE THE RELATED CASES.

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." *Brenton v. V.F. Corp.*, Civil Action No. 25-cv-02878-NYW-CYC, 2025 U.S. Dist. LEXIS 259961, at *3 (D. Colo. Dec. 16, 2025) (citing Fed. R. Civ. P. 42(a)(2)). The decision to consolidate such actions is left to the sound discretion of the district court. *Id.* (citing *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)). Rule 42(a) is intended "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Id.* (quoting *Breaux v. Am. Fam. Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004)) (quotation omitted). In exercising this discretion, the Court weighs both "judicial economy and fairness to the parties." *Id.* (citing *MSPBO, LLC v. Adidas N. Am., Inc.*, No. 13-cv-02287-PAB-KMT, 2014 U.S. Dist. LEXIS 12129, 2014 WL 349102, at *1 (D. Colo. Jan. 30, 2014) (quoting *Harris v. Ill.-Cal. Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982)).

Here, the Court should exercise its discretion and consolidate the Related Actions, as consolidation would save time and effort as it would avoid duplicative motion practice and discovery. The Related Actions stem from the same underlying factual allegations – that Defendants manufactured, distributed and sold the contaminated gasoline purchased by Colorado residents which damaged their respective vehicles. *See id.* at *3 (holding that consolidation was appropriate, finding, *inter alia*, "[b]oth actions stem from the same underlying factual allegations…"). The Related Cases involve similar proposed classes and nearly identical claims. *Id.* at *3-4 (ordering consolidation and finding, *inter alia*, that cases involve similar proposed

4

classes and nearly identical claims). As in *Brenton,* "[t]hese factual and legal similarities between the cases suggest that discovery and motions practice in the two cases will overlap significantly, meaning that consolidation will facilitate a more efficient resolution of the cases for both the Parties and the Court." *Id*. at *4.

Defendants will suffer no prejudice by litigating one consolidated class action rather than three or potentially more separate class actions. *See Kayten v. Bhappu*, Civil Action No. 13-cv-3155-WJM-CBS, 2013 U.S. Dist. LEXIS 173383, at *4-5 (D. Colo. Dec. 11, 2013) ("The Court finds that Plaintiff will not be prejudiced, as his claims will remain pending, albeit in a consolidated action").

Moreover, failing to consolidate the Related Actions will undoubtedly result in identical discovery requests, duplicative motion practice and an unnecessary drain on judicial resources. *See*, *e.g*., *Mendoza v. Electrolux Home Prods*., No. 4:17-CV-02028, 2018 U.S. Dist. LEXIS 140526, at *19-20 (M.D. Pa. Aug. 20, 2018) (holding that consolidation of discovery and pretrial management in the interest of judicial economy was appropriate for consumer class actions alleging claims for, *inter alia*, implied warranty of merchantability, finding that "rather than determine the common issues to these cases piece meal, consolidated proceedings will allow the Court to educate itself on the facts and complex legal issues common to all actions on one occasion and in one opinion."); *see also Brenton v. V.F. Corp*., Civil Action No. 25-cv-02878-NYW-CYC, 2025 U.S. Dist. LEXIS 259961, at *4 (D. Colo. Dec. 16, 2025) ("These factual and legal similarities between the cases suggest that discovery and motions practice in the two cases will overlap significantly, meaning that consolidation will facilitate a more efficient resolution of the cases for both the Parties and the Court."); *Henn v. Fid. Nat'l Title Ins. Co.,* Civil Action No.

5

12-cv-03077-RM-KLM, 2013 U.S. Dist. LEXIS 176644, at *10 (D. Colo. Dec. 17, 2013) (consolidating cases because of "overlap on issues to be litigated").

Put simply, litigating one consolidated action rather than three separate actions will save time and resources, will avoid inconsistent rulings and will serve the interest of judicial economy. Accordingly, this Court should grant the *Aitwal* Plaintiffs' Motion to consolidate the Related Cases.

### III.  IF THE COURT GRANTS THE *AITWAL* PLAINTIFFS' MOTION TO CONSOLIDATE, THE COURT SHOULD APPOINT MR. AZAR AND MS. MARTINEZ AS INTERIM CO-LEAD CLASS COUNSEL.

Fed. R. Civ. P. 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "In cases such as this, where multiple overlapping and duplicative class actions have been filed, [and some or all of these cases can be consolidated], designation of interim class counsel is encouraged, and indeed is essential for efficient case management." *Morrison v. Family Dollar Stores, Inc., Dollar Tree, Inc.*, No. 24-60294-CIV-SINGHAL, 2024 U.S. Dist. LEXIS 119213, at *3 (S.D. Fla. June 10, 2024) (citing Manual for Complex Litigation, (Fourth) § 21.11 (2004) ("In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.").

Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, the court may consider the factors contained in Fed. R. Civ. P. 23(g)(1). *Owen-Brooks v. Dish Network Corp.*, Civil Action No. 1:23-cv-01168-RMR, 2023 U.S. Dist. LEXIS 159531, at *6 (D. Colo. Aug. 2, 2023). These factors are: (1) the work counsel has done in identifying or

6

investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class." *In re Frontier Airlines Litig.*, Civil Action No. 20-cv-01153-PAB-KLM, 2020 U.S. Dist. LEXIS 253280, at *6 (D. Colo. Dec. 16, 2020) (citing Fed. R. Civ. P. 23(g)(1)(A)). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id*. (citing Fed. R. Civ. P. 23(g)(1)(B)).

"If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." *Id*. (citing Fed. R. Civ. P. 23(g)(2)). "Further, '[w]here consideration of other relevant factors does not tilt heavily in either direction and there is a need for an objective tie-breaker, courts may also consider which party was first to file a complaint.'" *Id*. *6-7 (quoting *Easton v. Bailey*, 2013 U.S. Dist. LEXIS 206751, 2013 WL 12323847, at *2 (C.D. Cal. Jan. 4, 2013); *Kramer v. Alterra Mountain Co.*, 2020 U.S. Dist. LEXIS 135770, 2020 WL 4429386, at *2 (D. Colo. July 31, 2020) (appointing BF as interim co-lead based in large part on their first-filed status).

Analysis of these factors demonstrates that the appointment of Mr. Azar and Ms. Martinez as Interim Co-Lead Class Counsel is the best choice for the position due to their vast expertise in class actions and complex litigation, their knowledge of the substantive legal issues in this Class Action, and their dedication to their work.

### A. Mr. Azar and FDAzar, and Ms. Martinez and MLGPC, Have Performed Substantial Work in Investigating this Action and Identifying Potential Claims.

Mr. Azar and FDAzar, and Ms. Martinez and MLGPC, have committed substantial time and resources investigating the underlying facts of this litigation, including identifying and

interviewing the Plaintiffs and numerous putative Class members, and researching and investigating the potential legal theories and claims at issue. Mr. Azar and Ms. Martinez are intimately familiar with the facts and legal issues in this Class Action and intend to continue efficiently pursuing the claims on behalf of Plaintiffs and the putative class.

Prior to filing the Class Action Complaint, Mr. Azar and FDAzar, and Ms. Martinez and MLGPC, investigated the facts and circumstances surrounding the fuel contamination which damaged Plaintiffs' and the putative class members' vehicles. This investigation included ascertaining the cause of the fuel contamination; the manufacture and delivery of the fuel to Sinclair's terminal in Henderson, Colorado; and the delivery of the contaminated fuel to the Gas Station Defendants (as identified in Plaintiffs' FAC) and through whom Plaintiffs and the putative class members purchased the contaminated fuel which damaged their vehicles. FDAzar communicated with the Colorado Division of Oil & Public Safety to ascertain further details regarding the source of the contaminated fuel and its distribution to the Gas Station Defendants throughout Colorado. Mr. Azar conducted interviews with Denver news organizations during which he explained to these news outlets the recommended steps and procedures Colorado residents should follow to repair their damaged vehicles and recover the damages associated with these repairs. Mr. Azar participated in broadcast television interviews explaining to Colorado residents these recommended steps and procedures to follow and advising them contact him and his firm for further information regarding this process.

Mr. Azar assembled an intake process for handling the calls and inquiries made by the Colorado residents regarding their damaged vehicles caused by the contaminated fuel. FDAzar's investigators and client service representatives (36 in total) were assigned to communicate with these Colorado residents who would, based on their factual investigation, forward the calls to

FDAzar's attorneys and paralegals for further inquiry. Ms. Martinez also identified and interviewed various Plaintiffs and numerous putative class members. To date, FDAzar has received approximately 764 communications from Colorado residents regarding their damaged vehicles resulting from the contaminated fuel, and FDAzar has entered into letters of representation with 185 individuals. Twenty-two individuals have agreed to serve as lead plaintiffs in the *Aitwal* Class Action. FDAzar is currently assisting many of these clients with their vehicle damage claims, including communicating with various Gas Station Defendant claims representatives and reviewing agreements and releases. Also, through FDAzar's and MLGPC's efforts, the *Aitwal* Class Action has named twelve separate Defendants.

Mr. Azar and his Class Action team and Ms. Martinez and MLGPC have devoted substantial time thoroughly researching the relevant law and applying their experience to prepare the detailed FAC. Mr. Azar and his Class Action team, along with Ms. Martinez and MLGPC, will continue to expend the time and resources necessary to prosecute this action on behalf of the Plaintiffs and the Class.

> **B. Mr. Azar and FDAzar, and Ms. Martinez and MLGPC, Are Experienced in Handling Class Actions, Complex Litigation, and the Types of Claims Asserted in This Class Action.**

Mr. Azar and FDAzar, and Ms. Martinez and MLGPC, have extensive experience litigating class actions and complex litigation cases, including class actions and complex litigation involving violations of the CCPA, negligence, breach of contract and strict liability. *See* Declaration of Franklin D. Azar ("Azar Decl."), attached hereto as **Exhibit 1**, and the Azar firm resume, attached hereto as **Exhibit 2** (identifying notable class action cases involving consumer actions, privacy actions, insurance actions, employment/wage and hour actions, broker-dealer actions, and ERISA actions); *see also* Declaration of Meghan W. Martinez

9

("Martinez Decl."), attached hereto as **Exhibit 3** (identifying complex cases including class actions).

For example, as set forth in the Azar Decl., in *Herrera et al. v. Wells Fargo Bank, N.A.*, Case No. 8:18-cv-00332, U.S. District Court for the Central District of California (Southern Division), Mr. Azar and his firm, together with his co-counsel, represented Plaintiffs who purchased Guaranteed Auto Protection ("GAP") as part of the auto loans they financed through Wells Fargo and alleged that Wells Fargo has failed to refund or credit them for the unused portions of their GAP because they terminated their loans before the term of the loan expired. The case settled, and Mr. Azar was appointed class counsel for settlement purposes. The settlement value was at least $84 million with an additional future value to class members of at least $107 million. The settlement included a business practice change providing future Wells Fargo customers with an estimated $417,029,964 in GAP refunds that they would not have otherwise received.

Similarly, in *Martin, et al. v. Toyota Motor Credit Corporation*, No. 2:20-cv-10518-JVS-MRW, United States District Court for the Central District of California, Mr. Azar and his firm, together with his co-counsel, represented Plaintiffs who purchased GAP as part of the auto loans they financed through Toyota Motor Credit Corporation ("Toyota") and alleged that Toyota failed to refund or credit them for the unused portions of their GAP because they terminated their loans before the term of the loan expired. The case settled, and Mr. Azar was appointed class counsel for settlement purposes. The settlement was valued at over $107.8 million, with each class member receiving a full GAP refund. The settlement also included a business practice change providing future Toyota customers GAP refunds that they would not have otherwise received. In its order granting final approval of the settlement, the Court stated that "Class

Counsel achieved exceptional results for the class. The settlement includes a 100% refund for each class member…all class members will be made whole or substantially whole. That is a highly unusual outcome…."

In *Lundy v. Facebook, Inc.*, Case No. 4:18-cv-06793, U.S. District Court for the Northern District of California, Mr. Azar and his firm were one of three firms representing plaintiffs in this privacy case alleging Facebook collected detailed location data from users' mobile and/or tablet devices without permission even where they specifically opted out of location services. A settlement for $37.5 million was approved by the Court on March 21, 2024.

In 1994 and for the next fifteen years, Mr. Azar and his firm oversaw and coordinated litigation in nearly thirty wage-and-hour class actions across the country, leading litigation efforts in numerous cases. Mr. Azar served as lead plaintiffs' counsel in settlement negotiations that dragged on for more than two years, coordinating settlement discussions in sixteen separate actions in vastly different procedural settings.

FDAzar has also handled mass tort actions, representing tens of thousands of clients injured by hip medical devices manufactured by Stryker, Biomet, Depuy, Smith and Nephew, and Attune. Mr. Azar was appointed to the Plaintiff's Sterring Committee in the Depuy Pinnacle Hip Litigation MDL. Mr. Azar has also represented people who had adverse events after taking Fen-Phen, Propuslid, Baycol, Avandia, Seroquel, Rezulin, Depakote, Da Vinci Robot, Fosamax, Hernia Mesh, Trans Vaginal Mesh, Pradaxa, Round Up, St Jude Defibrillators, 3M ear plugs and Camp Lajeune contamination cases.

As set forth in Ms. Martinez's declaration, Ms. Martinez and her firm MLGPC have litigated substantial complex cases, including class action cases. For example, Ms. Martinez assisted FDAzar's Class Action Group with the GAP cases including *Mazza v. Air Academy*

11

*Federal Credit Union*, 2020CV32226. Ms. Martinez has litigated individual and class action cases alleging defendants in Colorado violated Colorado wage and hour laws, such as *Cercone and Rakers v. Plymouth Hylands, LLC et al.*, 2024CV30177. Moreover, Ms. Martinez litigated a case in United States District Court for the Northern District of California and in the Ninth Circuit involving violations of the California Labor Code and Wage Orders, Colorado Wage Statutes, and breaches of contract regarding the computer software system that recorded sales and calculated commissions.

Ms. Martinez also litigated confidential American Arbitration Association arbitrations involving class actions, such as, in 2017, a $6,000,000 class action claim against an international company alleging failure to pay overtime compensation in violation of the FLSA and failure to pay minimum wages in violation of the FLSA and several state court statutes; and in 2015, a class and collective action with allegations of violation of the FLSA, Wage Claim Act and Minimum Wage Act.

These cases, and a host of others, all set forth in **Exhibts 1-3**, amply demonstrate that Mr. Azar and FDAzar, and Ms. Martinez and MLGPC, have heavily litigated, conducted significant discovery, and briefed countless complex legal issues, in complicated class actions throughout the country.

### C.  Mr. Azar and FDAzar, and Ms. Martinez and MLGPC, Have Extensive Knowledge of the Applicable Law.

As detailed above, Mr. Azar and FDAzar, and Ms. Martinez and MLGPC, possess extensive knowledge of the applicable law, including the Colorado Consumer Protection Act, breach of contract and negligence law. As further detailed above, Mr. Azar and FDAzar, and Ms. Martinez and MLGPC, have substantial experience in conducting discovery on complex issues involving these areas of the law, including written discovery, depositions and e-discovery; and in

12

researching and briefing complex issues arising in these class actions and arguing these complex issues before the courts. Mr. Azar and members of his Class Action team, and Ms. Martinez and MLGPC, have tried numerous complex cases before juries throughout the country. Their extensive litigation and trial experience will allow them to efficiently handle the complex litigation issues anticipated in this action, including damages.

### D. Mr. Azar and FDAzar, and Ms. Martinez and MLGPC, Are Committed to Representing and Advancing the Interests of the Class.

Mr. Azar and FDAzar, and Ms. Martinez and MLGPC, are committed to representing and advancing the interests of the Class, and they possess the time, energy and skill necessary to litigate this Class Action. As shown above, Mr. Azar and FDAzar, and Ms. Martinez and MLGPC, have already expended considerable resources in furtherance of this Class Action, and they are willing and able to continue expending the necessary resources to ensure vigorous prosecution of the putative Class members' claims. Mr. Azar's, Ms. Martinez's, and their respective law firm's commitment to representing and advancing the interests of the Class is amply exemplified by their commitment to representing and advancing the interest of the classes in the cases identified in **Exhibits 1-3**, all which were funded and vigorously prosecuted.

### IV. Assuming There Are Multiple Motions for Interim Lead Counsel and All Applicants Have Equal Attributes, the Court Should Appoint Mr. Azar and Ms. Martinez as Interim Lead Co-Counsel Because they Filed the *Aitwal* Class Action Complaint before the Complaints in the Other Related Cases Were Filed.

As noted above, "[w]here consideration of other relevant factors does not tilt heavily in either direction and there is a need for an objective tie-breaker, courts may also consider which party was first to file a complaint." *In re Frontier Airlines Litig*., 2020 U.S. Dist. LEXIS 253280, at *6-7 (quoting *Easton*, 2013 U.S. Dist. LEXIS 206751, *4; *Kramer*, 2020 U.S. Dist. LEXIS 135770 at *8 (appointing BF as interim co-lead based in large part on their first-filed status)).

13

As shown above, Mr. Azar and Ms. Martinez filed the *Aitwal* Class Action on January 14, 2026, approximately one week before the filing of the *Dakos* Lawsuit, and approximately two weeks before the filing of the *DeHart* Lawsuit. Thus, assuming, multiple motions for Interim Lead Counsel are filed and consideration of relevant factors do not tilt heavily in either direction, this Court should appoint Mr. Azar and Ms. Martinez as Interim Co-Lead Counsel because they filed the *Aitwal* Class Action Complaint before the complaints in the other Related Cases were filed.

## V.   CONCLUSION

For all the foregoing reasons, the *Aitwal* Plaintiffs respectfully request that the Court enter an order consolidating the Related Actions and appointing Franklin D. Azar and Meghan W. Martinez as Interim Co-Lead Class Counsel.

DATED: March 4, 2026

Respectfully submitted,

*s/ Franklin D. Azar*
Franklin D. Azar
Michael D. Murphy
Paul R. Wood
**FRANKLIN D. AZAR & ASSOCIATES, P.C.**
14426 East Evans Avenue
Aurora, CO 80014
Phone Number: (303) 757-3300
Fax Number: (720) 213-5131
Email: azarf@fdazar.com
Email: murphym@fdazar.com
Email: woodp@fdazar.com

Meghan W. Martinez
**MARTINEZ LAW GROUP, P.C.**
720 South Colorado Boulevard
South Tower, Suite 1020
Denver, CO 80246
Phone Number: (303) 597-4000
Fax Number: (303) 597-4001
Email: martinez@mlgrouppc.com
*Attorneys for the Aitwal Plaintiffs*

## CERTIFICATE OF SERVICE

   I hereby certify that on this 4th day of March, 2026 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Justin D. Cole
Berger & Montague PC
Email: jcole@bergermontague.com

Shanon Jude Carson
Berger & Montague PC
Email: scarson@bergermontague.com

Soledad Slowing-Romero
Berger & Montague PC
Email: sslowingromero@bergermontague.com

Alexandra K. Piazza
Berger Montague PC
Email: apiazza@bergermontague.com

Ashley Ricketson Larson
Sutton Booker P.C.
Email: alarson@suttonbooker.com

Danielle Lynne Trujillo
Wheeler Trigg O'Donnell LLP
Email: trujillo@wtotrial.com

Galen Driscoll Bellamy
Wheeler Trigg O'Donnell LLP
Email: bellamy@wtotrial.com

Michael Lawrence O'Donnell
Wheeler Trigg O'Donnell LLP
Email: odonnell@wtotrial.com

Eric Lindsay Robertson
Wheeler Trigg O'Donnell LLP
Email: Robertson@wtotrial.com

              *s/ Franklin D. Azar*
              Franklin D. Azar